IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| BEAUTY OF FLOWERS, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | No. 06 C 5567 |
| v. | ) ) | |
| CITY OF DES PLAINES, ILLINOIS, | ) ) | Magistrate Judge Maria Valdez |
| Defendant. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [Doc. No. 14]. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff Beauty of Flowers ("BOF") filed this three-count civil rights action pursuant to 42 U.S.C. § 1983 against the City of Des Plaines, Illinois (the "City"). In its complaint, BOF alleges that the City violated its rights guaranteed by the First and Fourteenth Amendments of the United States Constitution, including its right to free speech, equal protection, and due process. In response to Plaintiff's Complaint, the City has moved to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure because: (a) the affirmative defenses of the statute of limitations, res judicata, and collateral estoppel bar BOF's claims, and (b) BOF has "failed to state a cause of action" for: (i) relief under 42 U.S.C. § 1983; (ii) a violation of equal protection; and (iii) a violation of due process. (Def.'s Mot. to Dismiss, at 1). For the reasons set forth below, the City's motion to dismiss [Doc. No. 14] is GRANTED in part and DENIED in part.

# I. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)"), a court does not dismiss a complaint for failure to state a *cause of action*; rather, a court dismisses a complaint for failure to state a *claim*. *Simpson v. Nickel*, 450 F.3d 303, 305 (7th Cir. 2006). A complaint need not provide detailed factual allegations but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, No. 05-1126, slip op. at 8, 550 U.S. ___, 2007 WL 1461066 (May 21, 2007) (internal citations omitted). Accordingly, to state a claim in federal court, "plaintiffs need not allege either the factual or legal 'elements' of a prima facie case." *Simpson*, 450 F.3d at 305 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). As such, "an obligation to allege some matter in a complaint does not entail an obligation to 'establish' that issue at the pleading stage; support of one's allegations comes later, in response to a motion for summary judgment or at trial." *Id.* at 306. In a complaint, plaintiffs usually "need do no more than narrate a grievance simply and directly so that the defendant knows what he has been accused of." *Doe*, 429 F.3d at 708. In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. *McMillan v. Collection Prof'ls, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

# II. FACTS

The following allegations, taken as true for purposes of reviewing the City's motion to dismiss, are taken from BOF's complaint. BOF is a flower retailer that has operated in the City since 2000. (Compl. at ¶¶ 1, 7). The owners and employees of BOF are Polish immigrants, and

many of its customers are of Polish ancestry. *Id.* at ¶ 7. BOF initiated this civil rights action because it believes the City's enforcement of a sign ordinance has violated its rights guaranteed by the First and Fourteenth Amendments of the United States Constitution (the "Constitution"). *See, e.g., id.* at ¶¶ 2, 15-18.

Sometime in 2001, BOF began to advertise through the use of an outdoor, free-standing temporary sign located near its store. *Id.* at ¶ 8. This sign contained only two words: "flowers" and "kwiaty." *Id.* The word for "flowers" in Polish is "kwiaty." *Id.* On October 3, 2001, someone removed this sign without BOF's approval, and BOF reported the sign stolen to the City's police department. *Id.* at ¶¶ 9-10. After BOF reported the sign stolen, an inspector with the City's zoning department issued BOF a citation because no such signs were permitted. *Id.* at ¶ 11. BOF has attached to its complaint photographs of such signs used by other business in the City. *Id.* at ¶ 15; Ex. 2. Several weeks after BOF reported its sign stolen, the City's police department informed BOF that the City's zoning department had taken its sign, and it had been displayed in the office of a zoning inspector. *Id.* at ¶ 10.

In 2005, BOF began to advertise through the use of a different sign — a banner sign located at the front of its store. *Id.* at ¶ 12. In May 2005, the City issued BOF a citation for the use of this sign. *Id.* at ¶ 13. After an administrative hearing, BOF was ordered to pay a $500 fine as a result of this citation. *Id.* BOF paid the fine; however, the City returned the $500 to BOF without explanation. *Id.* BOF resumed using the sign, and in August 2005 the City issued BOF another citation for the use of the sign. *Id.* at ¶ 14; Ex. 3. After an October 6, 2005 administrative hearing, BOF was fined $150. *Id.* at ¶ 14; Ex. 4.

3

On December 18, 2006 BOF filed this three-count civil rights action against the City pursuant to 42 U.S.C. § 1983. BOF labeled the counts of its complaint "Count I," "Count II," and "Count III," respectively, without stating the nature of each claim in its labels. However, it appears that: (a) Count I alleges the City violated BOF's rights under the First Amendment, specifically its right to free speech; and (b) Counts II and III allege the City violated BOF's rights under the Fourteenth Amendment, specifically its right to equal protection and due process under law, respectively. *Id.* at ¶¶ 19.[1]

The City has moved to dismiss BOF's complaint pursuant to Rule 12(b)(6). Specifically, the City asserts that BOF's complaint should be dismissed because: (a) the affirmative defenses of the statute of limitations, res judicata, and collateral estoppel bar BOF's claims, and (b) BOF has "failed to state a cause of action" for: (i) relief under 42 U.S.C. § 1983; (ii) a violation of equal protection; and (iii) a violation of due process. (Def.'s Mot. to Dismiss, at 1).

## IV. DISCUSSION

### A. The City's Affirmative Defenses

The City has moved to dismiss BOF's complaint on the basis of three affirmative defenses: statute of limitations, res judicata, and collateral estoppel. *See* Fed.R.Civ.P. 8(c). However, "[a] complaint states a claim on which relief may be granted whether or not some defense is potentially available. This is why complaints need not anticipate and attempt to plead around defenses." *United States v. Northern Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) (citations omitted). As such, the resolution of affirmative defenses comes after the complaint stage, *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Commission*, 377 F.3d 682, 688

---

[1] Plaintiff's complaint contains three paragraphs numbered "19," one for each count.

4

(7th Cir. 2004) (citations omitted), unless "the plaintiff pleads itself out of court — that is, admits all the ingredients of an impenetrable defense." *Xechem, Inc. v. Bristol-Meyers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004) (citations omitted). Normally, the earliest time to consider affirmative defenses is in a motion for judgment on the pleadings made pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *Mosely v. Bd. of Educ. of the City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). "Orders under Rule 12(b)(6) are not appropriate responses to the invocation of defenses." *Xechem*, 372 F.3d at 901.

The City has offered numerous reasons why it believes its proffered affirmative defenses bar plaintiff's claims. However, at this stage of litigation, the Court need not address the merits of the City's affirmative defenses. Under Rule 12(b)(6) this Court cannot dismiss BOF's complaint on the basis of the statute of limitations, res judicata, or collateral estoppel because BOF's complaint, on its face, does not admit all the ingredients of any of these affirmative defenses.

### B. The City's Challenges to BOF's Alleged Constitutional Violations

#### 1. Municipal Liability Generally

BOF has filed suit against the City for allegedly violating its rights under the First and Fourteenth Amendments of the Constitution. A municipality may be held liable for civil rights violations under the Constitution or federal law pursuant to 42 U.S.C. § 1983. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978). The City argues that all of BOF's claims should be dismissed because BOF "has failed to state a cause of action against Defendant Des Plaines." (Mot. to Dismiss, at 1). Specifically, the City argues that BOF has failed to allege a prima facie case under 42 U.S.C. § 1983 "because it cites no official policy of the City of Des

Plaines that caused its alleged injuries." (Mem. in Supp. of Mot. to Dismiss, at 4). However, as the Court has noted, a plaintiff is not required to allege the elements of a cause of action. *See* discussion *supra* Section I. A plaintiff is required only to plead claims. In the context of an action brought pursuant to 42 U.S.C. § 1983, in order to state a claim "the plaintiffs must allege that a government official, acting under color of state law, deprived them of a right secured by the Constitution or laws of the United States." *Christensen v. County of Boone, Illinois,* --- F.3d ----, 2007 WL 841097, at *3 (7th Cir. 2007) (citations omitted).

In this case, BOF has alleged that the City's enforcement of a sign ordinance through municipal employees has violated its rights under the First and Fourteenth Amendments of the Constitution. (*See* Compl. at ¶¶ 1-22). This is all that is required to state a claim and survive a motion to dismiss brought pursuant to Rule 12(b)(6). "[I]n civil rights cases alleging municipal liability, a federal court may not apply a heightened pleading standard more stringent than the usual pleading requirements of Rule 8(a)." *Christensen,* --- F.3d at ----, 2007 WL 841097, at *2 (citations omitted). As such, this Court cannot dismiss BOF's complaint for failure to state a claim under 42 U.S.C. § 1983. Each of Plaintiff's counts is brought pursuant to 42 U.S.C. § 1983, and the Court now addresses each count in turn.

### 2. Free Speech

In Count I of its complaint, BOF seeks relief from the City under 42 U.S.C. § 1983 for alleged violations of its First Amendment right to free speech. Besides relying upon its three affirmative defenses as the bases for dismissal at this time, the City has not moved to dismiss this claim.

### 3. Equal Protection

In Count II of its complaint, BOF seeks relief from the City under 42 U.S.C. § 1983 for alleged violations of its Fourteenth Amendment right to equal protection under the law. Again, the City suggests that this Court employ an improper standard in reviewing its motion to dismiss this claim by arguing that BOF failed to state a cause of action for equal protection violations because BOF's "complaint fails to wholly allege even a prima facie case for denial of equal protection." (Mot. to Dismiss, at 1; Mem. in Supp. of Mot. to Dismiss, at 6). The City maintains that BOF's "complaint does not state a claim for relief under the Fourteenth Amendment because plaintiff fails to sufficiently allege that the City acted against Beauty of Flowers solely because of the plaintiff's owner's and customers' nationality." *Id.*

In *Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir.1994), the court held that "to state an equal protection claim, a § 1983 plaintiff must aver that a state actor purposefully discriminated against him because of his identification with a particular (presumably disadvantaged) group." *See also Albiero v. City of Kankakee*, 122 F.3d 417, 421 (7th Cir.1997) (even construing 12(b)(6) under the most lax standards, plaintiff must explain basis for equal protection violation, such as race). In Count II of the Complaint, BOF alleges that the "City's Sign Ordinance and manner in which it is enforced favors the speech of certain groups and organizations while prohibiting speech by Plaintiff and other entities without any legitimate governmental interest[,] . . . den[ying] equal protection to the Plaintiff." (Compl., at Count II, ¶ 19). There is no statement in Count II to suggest that BOF was discriminated against due to its identification with a particular group. Although the Complaint does include a general statement that the "owner of Beauty of Flowers and its personnel are individuals of Polish

ancestry such that advertising in the Polish language is an important part of Plaintiff's business," (Compl., at ¶ 7), this statement is made in the abstract and there is no allegation to suggest that this is the basis for the equal protection claim.[2]

As it stands, the Complaint fails to adequately notify the Defendants of the basis for the equal protection allegation. *Doe*, 429 F.3d at 708 (a complaint needs to apprise the defendant what he has been accused of). Accordingly, this Court grants the motion to dismiss Count II without prejudice.

### 4. Due Process

In Count III of its complaint, BOF seeks relief from the City under 42 U.S.C. § 1983 for alleged violations of its Fourteenth Amendment right to due process under the law. Again, the City suggests that this Court employ an improper standard in reviewing its motion to dismiss this claim by arguing that BOF failed to state a cause of action for procedural or substantive due process violations. (Mot. to Dismiss, at 1; Mem. in Supp. of Mot. to Dismiss, at 6-7). In response to the City's motion, BOF asserts it is only alleging substantive due process violations in its complaint, not any procedural due process violations. (Resp. to Mot. to Dismiss, at 11-13).

---

[2] Although the Plaintiff in its pleadings does not specifically argue that they allege a "class of one" equal protection claim, if Plaintiff is alleging a "class of one" there must be a basis asserted in the Complaint that it "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (affirming denial of motion to dismiss where the plaintiff alleged the defendant village made an arbitrary demand of her that it did not require of similarly situated property owners). *See also McDonald v. Village of Winnetka*, 371 F.3d 992, 1001 (7th Cir.2004) (expanding the "no rational basis" component to allow for the cause of the differential treatment as a "totally illegitimate animus" toward the plaintiff by the defendant.);*Hilton v. City of Wheeling*, 209 F.3d 1005, 1008 (7th Cir.2000) (curbing the "no rational basis" approach since "[i]f a merely unexplained difference in police treatment of similar complaints made by different people established a prima facie case of denial of equal protection of the laws, the federal courts would be drawn deep into the local enforcement of petty state and local laws."). Here, the Complaint does state that "there are no objective standard, regard, [sic] guidelines such that signs merely identical to those of Beauty of Flowers had been granted to politically well-connected individuals and denied to less fortunate individuals," (Compl., at ¶ 18), but this allegation does not describe a "class of one". Instead, it describes a class of those with political connections versus those without – there is no allegation that those without political power comprise only of one person or entity.

The City maintains that "[t]he scope of substantive due process is very limited and protects plaintiffs only against arbitrary government action that shocks the conscience." (Mem. in Supp. of Mot. to Dismiss, at 7) (internal quotation marks omitted). As such, the City argues that the Court should dismiss BOF's due process claim pursuant to Rule 12(b)(6) "[b]ecause defendant's actions in ticketing plaintiff's failure to get a permit for its commercial sign, even when viewed in the light of multiple administrative hearings, do not shock the conscious, there can not be a violation of plaintiff's substantive due process rights." *Id.* However, as the Court has noted, "support of one's allegations comes later, in response to a motion for summary judgment or at trial," not at the pleading stage. *See* discussion *supra* Section I; *Simpson*, 450 F.3d at 306. In its complaint, BOF alleged it "has been denied due process because it was not allowed to benefit from the stated procedure and rules while other [sic] have been permitted to benefit and have been favored by City Officials." (Compl., at Count III, ¶ 19). This is sufficient to meet the notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See* Section I, *supra; Doe*, 429 F.3d at 708. Accordingly, at this stage of litigation, this Court cannot dismiss BOF's due process claim.

## V. CONCLUSION

For the foregoing reasons, the City's motion to dismiss [Doc. No. 14] is GRANTED in part and DENIED in part. Plaintiff is granted leave to file an amended complaint by June 6, 2007 to clarify its basis for the equal protection claim.

SO ORDERED.

Dated: __May 22, 2007__

ENTERED:

*/s/ Maria Valdez/*

HON. MARIA VALDEZ
United States Magistrate Judge